IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES D. GREEN,**

                **Plaintiff,**

     v.                                       CASE NO. 06-3298-SAC

**FRANK DENNING, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Johnson County Adult Detention Center in Olathe, Kansas. Plaintiff seeks damages on allegations that defendants subjected him to excessive force, denied him necessary medical care, and denied him due process in a disciplinary proceeding that resulted in the loss of earned good time.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The exhaustion required by § 1997e(a) is mandatory and not within the court's discretion, and is required for any suit filed by

prisoner to challenge prison conditions. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2382-83 (2006)(*citing* <u>Booth</u> and <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)). A prisoner bears the burden of demonstrating full exhaustion of administrative remedies. *See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004). Also, full exhaustion of *all* claims asserted in the complaint is required. <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

In the present case, plaintiff cites several grievances filed regarding his medical care, but provides no copies or sufficiently detailed descriptions of the claims raised therein and the responses received. He also identifies no pursuit of administrative remedies regarding his allegations of being subjected to excessive force, or the denial of due process in a disciplinary proceeding.[1] This is insufficient to satisfy the showing required under <u>Steele</u>, and to

---

[1] Petitioner is advised that his claim for damages based on the alleged unlawful loss of earned good time credits is barred absent a showing the underlying disciplinary adjudication has been reversed or otherwise invalidated. *See* <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994)("to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus); <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(<u>Heck</u> applies to prison discipline involving the loss of good time credits).

avoid dismissal of the complaint pursuant to <u>Ross</u>.

Accordingly, the court finds the complaint is subject to being summarily dismissed without prejudice absent plaintiff's supplementation of the complaint to demonstrate compliance with 42 U.S.C. § 1997e(a).  The failure to file a timely response may result in this matter being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 17th day of November 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge