```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CHARLES D. GREEN,**

                     **Plaintiff,**

       **v.**                                 **CASE NO. 06-3298-SAC**

**FRANK DENNING, et al.,**

                     **Defendants.**

## O R D E R

Plaintiff, now a prisoner now in the custody of the Kansas Department of Corrections (KDOC), proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while he was confined in the Johnson County Adult Detention Center (JCADC) in Olathe, Kansas.  In his original complaint, plaintiff seeks damages on allegations that JCADC defendants subjected him to excessive force, denied him necessary medical and dental care, denied him due process in a disciplinary proceeding, and mishandled his privileged mail. Plaintiff named as defendants Johnson County Sheriff Denning, JCADC Deputy Polsen, and Prison Health Services.

AMENDMENTS OF THE COMPLAINT

*First Amendment*

Plaintiff first amended his complaint to name two additional JCADC defendants, alleging they read plaintiff's private mail outside his presence.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court allowed plaintiff to name JCADC Major

Cortright and JCADC Deputy Pierycci as defendants.

*Second Amendment*

The court allowed plaintiff to amend the complaint a second time to name JCADC Deputy Klock, JCADC Sgt. Farkes, JCADC Sgt. Hopkins, JCADC Lt. S. Johnson, and JCADC Capt. M. Raunig as additional defendants.

*Third Amendment*

After plaintiff entered KDOC custody and was incarcerated in the Lansing Correctional Facility (LCF), plaintiff filed a motion to add a sixth claim alleging retaliation by JCADC defendants Farkes and Raunig for plaintiff's filing of an administrative grievance and federal civil complaint. No new defendant is named. The court grants plaintiff leave to amend the complaint to add this new claim against these JCADC defendants.

*Fourth Amendment*

Plaintiff subsequently filed a pleading titled as "MOTION TO ENFORCE K.D.O.C. ADMINISTRATIVE MEDICAL RULING OF APRIL 11, 2008 AND THAT OF SEVEN ATTENDING PHYSICIANS." (Doc. 26) The caption of this pleading names "Roger Werholtz, Secretary of Corrections, et al.," as defendants. With that same caption, plaintiff further filed pleadings titled as "SECOND AND SUPPLEMENT MOTION TO ENFORCE K.D.O.C. MEDICAL RULINGS, AND APPOINT COUNSEL IN SAID CAUSE," "MOTION FOR IMMEDIATE PRELIMINARY INJUNCTION," "MOTION FOR IMMEDIATE CEASE AND DESIST ORDER PURSUANT TO K.S.A. 65-2837(a)(3) & (23), (24), (25), AND TO PRESERVE EVIDENCE (DVD) CRITICAL TO THE LITIGANT'S CIVIL ACTION," and "MOTION TO PROHIBIT RETALIATION

PURSUANT TO 42 U.S.C. § 1997(d), IMMEDIATE APPOINTMENT OF COUNSEL AND PRELIMINARY INJUNCTION TO CEASE 8TH AMEND. MEDICAL VIOLATIONS OF DELIBERATE INDIFFERENCE CAUSING UNDUE DAILY PAIN, SUFFERING AND MENTAL TORMENT." (Docs. 27-30).  To the extent plaintiff is attempting to add KDOC defendants and claims to this action, the court denies plaintiff leave to so.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party."  Although Rule 15 mandates that leave to amend is to be "freely given when justice so requires," Forman v. Davis, 371 U.S. 178, 812 (1962), in the context of litigation initiated by a prisoner in federal court, proposed amendments to the complaint must also be viewed in light of the restrictions imposed by 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act (PLRA)in 1996.

The PLRA restrictions include:  full payment of the filing fee in any civil action or appeal submitted by a prisoner through partial payments over time as authorized by statute;[1] the court's review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from

---

[1] *See* 28 U.S.C. § 1915(b)(1) and(2)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee as provided by court's assessment of an initial partial filing fee and automatic payments thereafter from the prisoner's inmate trust fund account).

such relief;[2] and a "three strike" provision which prevents a prisoner from proceeding in forma pauperis if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief.[3]

Courts have found these restrictions implicate federal rules governing the joinder of claims and parties in a single lawsuit. The Federal Rules of Civil Procedure discourage a complaint alleging multiple unrelated claims against multiple parties except in limited circumstances. Under Rule 18(a), which governs joinder of claims, the plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other

---

[2]*See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").
   *See also* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).
   *See also* 42 U.S.C. § 1997e(c)(1)("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief an be granted, or seeks monetary relief from a defendant who is immune from such relief.").

[3]*See* 28 U.S.C. 1915(g)(a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties.

Rule 20(a)(2) imposes two requirements that must be satisfied for the permissive joinder of multiple defendants in a single lawsuit: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; *and* (2) some question of law or fact common to all parties must arise in the action. *See e.g.* Smith v. North American Rockwell Corp., 50 F.R.D. 515, 522 (N.D.Okla. 1970). In other words, a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001) (*citation omitted*). Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party. *See* Fed.R.Civ.P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

The "controlling principle" in Rule 18(a) is that "[u]nrelated claims against different defendants belong in different suits."

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from "dodging" the fee obligation and "3-strikes" provision of the PLRA. Id. Accordingly, a prisoner's attempt to amend the complaint to allege incidents and name parties not part of the same transaction or occurrences as the claims asserted against the defendants named in the original complaint is improper. *See* Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998)(discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

As applied to the present case, plaintiff's first three amendments of the complaints to name additional JCADC defendants on claims arising during plaintiff's JCADC confinement reasonably conform to the federal rules, and the court finds it appropriate to consider these claims in one action to promote judicial economy. The complaint as amended by leave of the court remains subject to the court's review of the amended complaint to determine if it or any claim therein should be summarily dismissed as frivolous or malicious, as stating no claim for relief, or as seeking monetary relief from a defendant immune from such relief.

The court denies plaintiff leave to further amend the complaint to seek relief on new claims against KDOC officials not yet named as defendants in this action. Contrary to Rules 18(a) and 20(a)(2), plaintiff's proposed fourth amended complaint adds new defendants

not shown to be connected to plaintiff's original JCADC claims by a common occurrence or question of fact or law, and adds claims not related to those already raised against different defendants. To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be "strike" under 28 U.S.C. § 1915(g).

This does not mean that plaintiff loses his right to litigate any of these claims. He is free to file a completely separate lawsuit or lawsuits naming such defendants and claims. He simply may not litigate all his unrelated claims against all these defendants in this single suit. Any new action will obligate plaintiff to pay the $350.00 district court filing fee even if granted leave to proceed in forma pauperis, and must be submitted on a form complaint in which plaintiff identifies specific KDOC defendants and each defendant's personal participation in the alleged misconduct. Additionally, any such complaint will be subject to judicial screening under 28 U.S.C. § 1915A, and will constitute a "strike" under 28 U.S.C. § 1915(g) if dismissed as frivolous or malicious, or as failing to state a claim for relief.

Plaintiff's motions for various measures of injunctive relief involving KDOC officials not parties to this action are denied without prejudice to plaintiff refiling these requests in a separate

action.[4]

## SCREENING OF THE AMENDED COMPLAINT

Plaintiff's complaint as amended to add additional defendants and claims regarding plaintiff's JCADC confinement identifies six grounds. First, plaintiff claims JCADC Deputy Poslen used excessive force against plaintiff in May 2005 by grabbing plaintiff's shoulders and slamming plaintiff's face and forehead into the floor causing plaintiff severe personal injury and recurring physical problems. Second, plaintiff claims Prison Health Services denied plaintiff a specific hormonal treatment prescribed prior to plaintiff's confinement. Third, plaintiff claims he was denied due process in a prison disciplinary action. Fourth, plaintiff claims JCADC Major Cortright and JCADC Deputy Pierycci continually denied plaintiff's requests for dental floss. Fifth, plaintiff claims various defendants mishandled his privileged mail by opening and reading it outside his presence. And Sixth, plaintiff claims two JCADC defendants retaliated against plaintiff for filing an administrative grievance at the Johnson County facility.

The court finds plaintiff allegations, when liberally construed and assumed as true which court must do at this stage, are sufficient to warrant a response on plaintiff's first, second, fourth, and fifth claims. The court finds plaintiff's remaining two claims in the amended complaint, and the defendants identified

---

[4]Under the circumstances, and if requested by plaintiff in a newly filed action, the court will consider request(s) for copies of any motion denied without prejudice in the instant case to be filed in the new action.

below, are subject to being summarily dismissed for the following reasons.

*Denial of Due Process (Claim III)*

It appears plaintiff's allegations relate to his reclassification from minimum to medium security, based upon a minor infraction ticket issued against him. Plaintiff contends jail procedures were not followed, and states this reclassification resulted in him having fifty percent less available free time.

These allegations are insufficient to establish any liberty interest protected by the Due Process Clause. *See* Sandin v. Conner, 515 U.S. 472, 484 (1995)(if there is no imposition of an "atypical and significant hardship" for a state-created liberty interest, the Due Process Clause applies only if the restraints at issue exceed the prisoner's sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force" and do not violate any other constitutional provision).

*Retaliation (Claim VI)*

Plaintiff's bare and conclusory claim of retaliation by JCADC defendants Raunig and Farkes in upholding JCADC Deputy Klock's searches of plaintiff's cell is insufficient to present any factual basis for plausibly finding retaliation by either defendant against plaintiff for filing an administrative grievance about the number and manner of those searches. "[A]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quotation omitted),

*cert. denied*, 549 U.S. 1059 (2006).  Plaintiff's mere disagreement with the outcome of his grievance about Klock's conduct is insufficient to demonstrate any retaliation by JCADC staff who reviewed plaintiff's grievance.

*No Claims Against Specific Defendants*

And finally, the court finds no allegation of any specific misconduct by detention officers Klock, Farkes, Hopkins, Johnson and Rauning that amounts to any violation of plaintiff's constitutional rights.  In one pleading plaintiff complains of Rauning's attitude, and states all these detention officers "have demonstrated a personal desire to inflict great emotional, psychological and mental pain, suffering and abuse" upon him, Doc. 13 p.7, and in attachments thereto he complains of Klock's repeated and disruptive searches of plaintiff cells.  None of these are sufficient to state a cognizable claim upon which relief may be granted under 42 U.S.C. § 1983.  *See also* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); <u>Searles v. Van Bebber</u>, 251 F.3d 869, 879 (10th Cir. 2001)(§ 1997e(e) bars recovery of damages for emotional injury without a prior showing of physical injury), *cert. denied*, 536 U.S. 904 (2002).

NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF

The court thus directs plaintiff to show cause why Claims III and VI should not be summarily dismissed as stating no claim for relief, and why defendants  Klock, Farkes, Hopkins, Johnson and

Rauning should not be summarily dismissed as defendants because plaintiff alleges no cognizable claim under 42 U.S.C. § 1983 against these defendants.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  Absent a timely response to cure the deficiencies identified by the court, these claims and defendants will be dismissed by the court, and the clerk's office will be directed to prepare waiver of service of summons forms for service by the United States Marshal Service to defendants Denning, Polson, Cortright, Pierycci, and Prison Health Services.

IT IS THEREFORE ORDERED that plaintiff's motion to add a sixth claim to the amended complaint (Doc. 25) is granted.

IT IS FURTHER ORDERED that plaintiff's renewed motions for appointment of counsel (Docs. 25 and 30), motion for enforcement (Doc. 26), motions for a preliminary injunction (Docs. 28 and 30), motion for a cease and desist order (Doc. 29), and motion to prohibit retaliation (Doc. 30), are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days from the date of this order to show cause why Claims III and VI should not be summarily dismissed, and why all defendants but for Denning, Polson, Cortright, Pierycci, and Prison Health Services should not be dismissed from this lawsuit.

The clerk's office is to provide plaintiff with forms for filing under 42 U.S.C. § 1983 and 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:   This 26th day of February 2009 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge