IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES D. GREEN,

        Plaintiff,

    v.                                          CASE NO. 06-3298-SAC

FRANK DENNING, et al.,

        Defendants.

**O R D E R**

Plaintiff, a prisoner now in the custody of the Kansas Department of Corrections (KDOC), proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while he was confined in the Johnson County Adult Detention Center (JCADC) in Olathe, Kansas. The defendants named in the original complaint named are Johnson County Sheriff Denning, Deputy Polsen, and Prison Health Services.

The complaint as subsequently amended to add additional defendants and claims regarding plaintiff's JCADC confinement identifies six grounds. First, plaintiff claims Deputy Poslen used excessive force against plaintiff in May 2005 by grabbing plaintiff's shoulders and slamming plaintiff's face and forehead into the floor causing plaintiff severe personal injury and recurring physical problems. Second, plaintiff claims Prison Health Services denied plaintiff a specific hormonal treatment prescribed prior to plaintiff's confinement. Third, plaintiff claims he was denied due process in a prison disciplinary action. Fourth,

plaintiff claims Major Cortright and Deputy Pierycci continually denied plaintiff's requests for dental floss. Fifth, plaintiff claims the same two JCADC defendants mishandled plaintiff's privileged mail by opening and reading it outside his presence. And Sixth, plaintiff specifically claims Sgt. Farkes and Capt. Raunig retaliated against plaintiff for his filing of an administrative grievance at the Johnson County facility to complain about searches of his cell by Deputy Klock. Although not specified as a separate claim, plaintiff alleges these two defendants and Klock, Sgt. Hopkins, and Lt. Johnson all verbally and intentionally harassed plaintiff to inflict emotional distress and psychological suffering, all in violation of JCADC regulations and state law.

By an order dated February 26, 2009, the court denied plaintiff leave to amend the complaint a fourth time to seek injunctive relief regarding plaintiff's medical treatment while in KDOC custody. The court also directed plaintiff to show cause why claim III (alleging the denial of due process in JCADC discipline), claim VI (alleging retaliation for plaintiff's filing of administrative grievances), and the additional defendants named in the second amended complaint should not be dismissed as stating no claim upon which relief can be granted under § 1983.

Before the court are plaintiff's filings in response to that show cause order.

*Motion for Reconsideration and Motion for Leave to Amend*

Plaintiff filed a motion for reconsideration (Doc. 32) to clarify that his request for injunctive relief to receive requested medical treatment at a KDOC facility was not an attempt to amend the

2

complaint a fourth time to name KDOC officials as additional defendants, but rather just a request for the court's intervention to secure necessary medical care. On the same date, plaintiff filed a motion to amend the complaint to name KDOC officials as additional defendants (Doc. 34), or in the alternative, to file plaintiff's proposed complaint against KDOC officials as a new case.

Finding no reason to disturb its decision that this matter should not be expanded to include claims and allegations arising after plaintiff left JCADC and entered into KDOC custody, the court continues to find plaintiff's request for injunctive relief should be denied where no KDOC official is a party to this action, and continues to deny plaintiff leave to amend the complaint to name KDOC officials as defendants in this matter.[1] Accordingly, plaintiff's motion for reconsideration, and motion for leave to amend the instant complaint to name KDOC officials as additional defendants in this matter, are denied.

*Response to Show Cause Order*

<u>Denial of Due Process (Claim III)</u>

In directing plaintiff to show cause why Claim III should not be summarily dismissed as stating no claim for relief, the court found plaintiff's allegations of being denied due process in a jail disciplinary proceeding in July 2006 concerned reclassification of plaintiff from minimum to medium security based upon a minor

---

[1]The court further notes that plaintiff's proposed complaint against KDOC defendants on claims and allegations related to plaintiff's medical treatment while in KDOC custody was filed as a separate action which is currently pending before this court. *See* <u>Green v. Werholtz</u>, Case No. 09-3055-SAC.

infraction ticket issued against him, which resulted in him having fifty percent less available free time. Citing Sandin v. Conner, 515 U.S. 472 (1995), the court found plaintiff's allegations were insufficient to establish any liberty interest protected by the Due Process Clause. *See* id. at 484 (absent imposition of an "atypical and significant hardship" for a state-created liberty interest, the Due Process Clause applies only if the restraints at issue exceed the prisoner's sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force" and do not violate any other constitutional provision).

In response, plaintiff does not address the July 2006 disciplinary action, but instead cites two disciplinary tickets issued in June 2007. Plaintiff alleges these disciplinary tickets were false and improperly upheld by JCADC staff, and states the sanction imposed resulted in the loss of fifty percent of plaintiff's earned good time.

Having carefully reviewed the record, the court finds plaintiff's intermittent reference to the loss of "earned good time" at the Johnson County facility is ambiguous at best.[2] The disciplinary tickets cited in plaintiff's complaint clearly involved an adverse impact on plaintiff's *classification* while in JCADC custody, but there is no indication the disciplinary tickets adversely affected the *duration* of plaintiff's confinement. Even if

---

[2] For example, plaintiff states the memo placed in his file in July 2005 did not comply with facility rules, and contends the memo was "used to deprive the plaintiff of 'earned good time credit' of placement from 'minimum custody' into 'medium custody,' taking away 50% of the plaintiff's free time without due process." Doc. 6, p.6.

4

the disciplinary tickets later issued in June 2007 were properly before the court as part of plaintiff's due process claim (Claim III), again there is nothing to suggest these allegedly false tickets had any adverse impact on the duration of plaintiff's sentence. Notwithstanding plaintiff's insistence that these disciplinary actions violated facility rules, plaintiff's expanded allegations are insufficient to establish or implicate any liberty interest protected by the Due Process Clause. The court thus concludes plaintiff's claim of being denied due process in the cited disciplinary actions should be dismissed as stating no cognizable claim upon which relief can be granted under 42 U.S.C. § 1983.

Retaliation (Claim VI)

The court directed plaintiff to show cause why Claim VI should be summarily dismissed, finding plaintiff's bare and conclusory claim of retaliation by defendants Raunig and Farkes in upholding Klock's searches of plaintiff's cell was insufficient to present any factual basis for plausibly finding retaliation by Raunig or Farkes against plaintiff for his filing an administrative grievance about the number and manner of those searches. The court also noted that plaintiff's mere disagreement with the outcome of his grievance about Klock's conduct was insufficient to demonstrate any retaliation by JCADC staff who reviewed plaintiff's grievance.

In response, plaintiff now appears to include Klock in his claim of retaliation, and alleges Klock's searches of plaintiff's cell were in retaliation for plaintiff's filing of administrative grievances in which plaintiff alleged Klock was abusive, unprofessional, and noncompliant with facility policies. As for

Raunig and Farkes, plaintiff continues to rely on their decisions to deny plaintiff any relief in his administrative appeals about Klock's conduct.

However, even if plaintiff's allegations of retaliation by Klock are considered, plaintiff's account of Klock's systematic similar search of multiple cells when he searched plaintiff's cell serves to defeat rather than enhance the plausibility of finding that but for plaintiff's grievances his cell would not have been searched in a manner plaintiff considered offensive and improper. Having carefully reviewed plaintiff's documents, the court finds the facts provided therein remain insufficient to state a viable claim of retaliation, and thus concludes Claim VI should be dismissed.

No Claims Against Specific Defendants

In addition to finding no viable claim of retaliation for filing administrative grievances against Klock, and of being denied due process in disciplinary proceedings, the court further found defendants Klock, Farkes, Hopkins, Johnson and Rauning should be dismissed because plaintiff alleged no misconduct by these defendants that amounted to any violation of plaintiff's constitutional rights.

In response, plaintiff provides a lengthy exposition of actions by these defendants that plaintiff alleges were improper, unethical, unprofessional, and unauthorized. However, these allegations reflect challenges to the administration of the facility rather than any transgression of plaintiff's constitutional rights, and even if the alleged violations JCADC policies and Kansas statutes and regulations are assumed true, they provide no basis for proceeding

under 42 U.S.C. § 1983. *See e.g.* <u>Jones v. City and County of Denver, Colo.</u>, 854 F.2d 1206, 1209 (10th Cir. 1988)(Section 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

The court also noted that plaintiff's claim for damages from these defendants for mental and emotional distress was barred because plaintiff alleged no prior physical injury to support his claim. *See* 42 U.S.C. § 1997e(e). In response, plaintiff attempts to satisfy this statutory requirement by pointing to physical injuries he sustained from Polson's assault in 2005. This is insufficient, as the physical injury requirement in § 1997e(e) is claim specific. <u>Turner v. Schultz</u>, 130 F.Supp.2d 1216, 1224 (D.Colo. 2001). "It would be contrary to [the] stated intent [of the Prison Litigation Reform Act] to allow a prisoner to bring any number of claims to the court on the back of one injury." <u>Id</u>. Because plaintiff alleges no physical injury related to the alleged violation of his rights by defendants Klock, Farkes, Hopkins, Johnson and Rauning, his claim for compensation for the mental anguish caused by these defendants' actions is barred by § 1997e(e).

Accordingly, for the reasons stated herein and in the show cause order dated February 26, 2009, the court dismisses Claims III and VI from the amended complaint, and dismisses defendants Klock, Farkes, Johnson, and Raunig from this action.

*Response Required on Remaining Claims*

As the court previously found, a response on plaintiff's remaining claims is required, and is ordered herein.

7

Notwithstanding plaintiff's repeated amendments of the complaint and supplementation of the record, the court finds good cause exists for the delay in effecting service of the remaining defendants in this matter, and extends that period for 120 days from the date of this order. *See* Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995); Fed.R.Civ.P. 4(m).[3]

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 32), motion to add KDOC defendants to this action (Doc. 34), and motion for reconsideration (Doc. 35) of the decision to deny without prejudice plaintiff's request for counsel for plaintiff, are denied.

IT IS FURTHER ORDERED that claims III and VI are dismissed from the amended complaint as stating no claim for relief under 42 U.S.C. § 1983, and that defendants Klock, Farkes, Johnson, and Raunig are dismissed from this action.

IT IS FURTHER ORDERED that a response to the amended complaint is required from defendants Denning, Polson, Cortright, Pierycci, and Prison Health Services, and that the time for effecting service of process on these defendants is extended to 120 days from the date of this order. The clerk's office is directed to prepare waiver of service of summons forms for these defendants, for service by the United States Marshal Service at no cost to plaintiff.

---

[3]Rule 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

**IT IS SO ORDERED.**

DATED:  This 5th day of March 2010 at Topeka, Kansas.


                                          <u>s/ Sam A. Crow</u>
                                          SAM A. CROW
                                          U.S. Senior District Judge