IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES DAVID GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-3298 SAC |
| | ) |
| SHERIFF FRANK DENNING, et al. | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF DEFENDANTS DENNING, CORTRIGHT POLSON AND PIERUCCI

COME NOW Defendants Denning, Cortright, Polson, Pierucci, by and through their undersigned counsel, and set forth following admissions, denials and responses to Plaintiff's *Complaint* (Doc. No. 1); Plaintiff's "Motion to Amend Complaint and Request Jury Trial in Said Matter," (Doc. No. 8); and Plaintiff''s "Motion to Compel Court Action and Report Jailer Continued Misconduct, Harassment, Intimidation and Infliction of Cruel & Unusual Punishment." (Doc. No. 13).

### I.   COMPLAINT

**A. Jurisdiction**

1.  Defendants deny the statements and allegations contained in paragraph A(1) and A(5) of Plaintiff's Complaint.

2.  In response to Paragraph A(2), Defendants deny the Sheriff's business address as alleged. Defendants admit the remaining statements and allegations contained in paragraph A(2) of Plaintiff's Complaint.

3.  Defendants admit Deputy Polson was assigned as a module officer of Cell Module 5C at the New Century Detention Center, and was acting under color of law during the times

relevant to Plaintiff's Complaint. Defendants deny each and every remaining factual statement and allegation contained in Paragraph A(3) of Plaintiff's Complaint. Further answering Paragraph A(3), Defendants admit PHS is responsible for the medical care, and any related decisions pertaining to medical care, for inmates in the custody of the Sheriff.

**B. Nature of the Case**

4. In response to Paragraph B(1), Defendants admit Plaintiff was arrested, booked and lodged in the Olathe Adult Detention Center on May 3, 2006, and that he was housed in Module 5C of the New Century Adult Detention Center within the week. Defendants deny the 5C housing was due to "post-traumatic stress & anxiety attacks." Defendants deny each and every remaining factual statement and allegation contained in Paragraph B(1) and supplemental paragraphs thereto.

5. Defendants deny each and every factual statement and allegation contained in Paragraph B(2), B(3), and B(4) of Plaintiff's Complaint.

**C. Cause of Action**

6. Defendants deny each and every factual statement and allegation contained in Paragraph C(1)(A)(1) of Plaintiff's Complaint, and supplemental paragraphs thereto.

7. Defendants deny each and every factual statement and allegation contained in Paragraph C(1)(A)(2) of Plaintiff's Complaint, and supplemental paragraphs thereto.

8. Defendants deny each and every factual statement and allegation contained in Paragraph C(1)(B)(1) of Plaintiff's Complaint, and supplemental paragraphs thereto.

9. Defendants deny each and every factual statement and allegation contained in Paragraph C(1)(B)(2)(A) and (B) of Plaintiff's Complaint, and supplemental paragraphs thereto.

### D. Previous Lawsuits and Administrative Relief

10. In response to Paragraph D(1) of Plaintiff's Complaint, Defendants are aware of no prior or concurrent litigation regarding the claims at bar.

11. Defendants admit Plaintiff has sought formal or informal relief from appropriate administrative officials for certain allegations contained in his Complaint. Defendants deny he followed proper procedure to address and exhaust available remedies for each of the surviving claims set for in his Complaint. Defendants deny the remaining statements and allegations contained in or about Paragraph D(2) of Plaintiff's Complaint.

### E. Request for Relief

12. Defendants deny Plaintiff has suffered any compensable injury caused by, or attributable to them, and further deny Plaintiff is entitled to any of the relief sought as stated in Paragraph E(1) of Plaintiff's Complaint.

13. Defendants deny each and every remaining factual statement and allegation contained in Plaintiff's Complaint not specifically admitted herein above.

### II.  MOTION TO AMEND COMPLAINT AND REQUEST JURY TRIAL IN SAID MATTER

14. By way of further answering, Defendants deny each and every factual statement and allegation contained in Paragraph 1 of Plaintiff's Motion to Amend Complaint and Request Jury Trial in Said Matter (Doc. No. 8) (hereinafter "Motion to Amend").

15. Paragraph 2 of Plaintiff's Motion to Amend contains no factual allegations to which a response is required.

**Count VI: Privileged Mail**

16. Defendants admit a single letter was inadvertently opened outside Plaintiff's presence. Deny a legal privilege attached to this correspondence. Defendants deny each and every remaining factual statement and allegation contained in Paragraph 3 of Plaintiff's Motion to Amend.

17. With respect to Plaintiff's allegations of opening legal mail, Defendants deny Plaintiff has suffered any compensable injury caused by, or attributable to them, and further deny Plaintiff is entitled to any of the relief sought as stated in Paragraph E(1) of Plaintiff's Complaint or elsewhere.

18. Defendants deny each and every remaining factual statement and allegation contained in Motion to Amend not specifically admitted herein above.

### III.   MOTION TO COMPEL COURT ACTION AND REPORT JAILER CONTINUED MISCONDUCT, HARASSMENT, INTIMIDATION AND INFLICTION OF CRUEL & UNUSUAL PUNISHMENT

19. By way of further answering, Defendants deny each and every factual statement and allegation contained in Paragraph 1 of Plaintiff's Motion to Compel Court Action and Report Jailer Continued Misconduct, Harassment, Intimidation and Infliction of Cruel & Unusual Punishment (hereinafter "Motion to Compel").

20. Defendants deny each and every factual statement and allegation contained in Paragraph 1(a) of Plaintiff's Motion to Compel.

21. In response to Paragraph 1(b) of Plaintiff's Motion to Compel, Defendants admit that Prison Health Services' Dentist, Dr. Kahler, permitted Plaintiff to use dental floss. Defendants deny each and every remaining factual statement and allegation contained in

Paragraph 1(b) of Plaintiff's Motion to Compel.

22. Defendants deny each and every factual statement and allegation contained in Paragraph 1(c) of Plaintiff's Motion to Compel.

23. In response to Paragraph 2 of Plaintiff's Motion to Compel, Defendants admit a CT scan was performed on Plaintiff on May 26, 2006, that an EEG test was performed on Plaintiff on September 15, 2006, and that he was seen in the Neurology Department of the Kansas University Medical Center on December 11, 2006. Defendants deny each and every remaining statement and allegation contained in Paragraph 2 of Plaintiff's Motion to Compel.

24. Defendants deny each and every factual statement and allegation contained in Paragraph 3 of Plaintiff's Motion to Compel.

25. Defendants deny each and every factual statement and allegation contained in Paragraph 4 of Plaintiff's Motion to Compel.

**Conclusion**

26. Defendants deny each and every factual statement and allegation contained in Plaintiff's Conclusion following Paragraph 4 of Plaintiff's Motion to Compel.

27. To the extent Paragraph 5 of Plaintiff's Motion to Compel contains relevant factual statements or allegations, they are denied.

28. Defendants deny each and every remaining factual statement and allegation contained in Plaintiff's Motion to Compel not specifically admitted herein above.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to allege sufficient facts to state a claim for relief against these Defendants under Title 42 U.S.C. §1983 in either their individual or official capacities, which, if proven true, would entitle him to relief from them.

### Second Defense

Defendants are entitled to qualified immunity for the reason that they have not violated any constitutional rights of Plaintiff.

### Third Defense

Defendants are entitled to qualified immunity for the reason that the contours of any rights violated by them or their agents, violations of which they deny, were not sufficiently established in a particularized sense such that reasonable persons in their agents' position would have known that they were doing infringed upon Plaintiff's constitutional rights.

### Fourth Defense

Plaintiff's claims for injuries and damages are barred or limited by his own conduct. If he has suffered any damages, which is expressly denied, such damages are a direst result of his own conduct, not the conduct of these Defendants and the fault of Plaintiff should be compared if applicable.

### Fifth Defense

Plaintiff has failed to properly exhaust his administrative remedies.

### Sixth Defense

Plaintiff's claims for damages are limited or precluded for his failure to mitigate his own

damages, including but not limited to attempting to leave the Sheriff's custody, refusing to go down to the medical unit and use dental floss under supervision.

### Seventh Defense

Plaintiff is not entitled to any award of punitive damages against these Defendants.

### Eighth Defense

Plaintiff fails to allege physical injury with respect to certain counts, and is therefore not entitled to the damages sought therefrom.

### Additional Affirmative Defenses

Defendants have insufficient knowledge and information upon which to form an opinion or belief as to whether they may have additional affirmative defenses available at this time. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Motion to Amend, and Motion to Compel, Defendants respectfully request they be dismissed with prejudice from this action, that Plaintiff take naught by his Complaint, that Defendants be awarded their costs of this action, including reasonable attorney's fee incurred pursuant to 42 U.S.C. § 1988, and for such other and further relief as the court deems just and equitable.

   s/ *Kirk T. Ridgway*
Kirk T. Ridgway            KS. No. 17172
Ferree, Bunn, O'Grady & Rundberg, Chtd.
9300 Metcalf Avenue, Suite 300
Overland Park, Kansas 66212-6319
(p) (913) 381-8180;  (f) (913) 381-8836
kridgway@fbolaw.com
ATTORNEYS FOR DEFENDANTS
DENNING, CORTRIGHT, POLSON AND

PIERUCCI

## CERTIFICATE OF SERVICE

I hereby certify that on the 21ST day of May, 2010, I electronically filed the foregoing answer and affirmative defenses with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Roger W. Slead | Richard M. Acosta |
| Horn Alward & Bandy | Horn Aylward & Bandy, LLC |
| 2600 Grand Blvd., Suite 1100 | 2600 Grand Blvd., Site 1100 |
| Kansas City, MO 64108-4626 | Kansas City, MO 64108-4626 |
| 816-421-0700; Fax: 816-421-0899 | 816-421-0700; Fax: 816-421-0899 |
| rslead@hab-law.com | racosta@hab-law.com |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Charles Green
Lansing Correctional Facilities
PO Box 2
Lansing, KS 66043-0002

    *s/ Kirk T. Ridgway*
    Kirk T. Ridgway