IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES D. GREEN,

    Plaintiff,

  v.            CASE NO. 06-3298-SAC

FRANK DENNING, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while he was confined in the Johnson County Adult Detention Center (JCADC) in Olathe, Kansas.[1]

Plaintiff was convicted May 2, 2005, in Johnson County District Case 03-CR-3319 of aggravated battery, and taken into the custody of the Johnson County Sheriff the next day for further processing and sentencing. In this action plaintiff seeks relief on various claims regarding his Johnson County confinement. Four claims remain in plaintiff's amended complaint[2] against the following defendants: Prison Health Services (PHS), and Johnson County defendants Sheriff Denning, Deputy Polsen. Plaintiff claims: (1) Deputy Poslon used excessive force against him on May 10, 2005; (2) PHS denied him

---

[1] The record reflects that plaintiff is no longer confined in either the JCADC or a state correctional facility.

[2] By previous order, the court dismissed plaintiff's claim alleging the denial of due process in a jail disciplinary matter, and plaintiff's allegations of retaliation against him for filing administrative grievances.

necessary and prescribed treatment; (3) Major Cortright and Deputy Pierycci continually denied his requests for dental floss; and (4) these same Johnson County defendants mishandled his privileged mail. All defendants filed answers to the amended complaint.

Having reviewed the record, the court considers and decides the following pending motions.

*Plaintiff's Motions to Suspend and for Copies*

The court first finds plaintiff's motions to suspend action in this matter until February 2011 are now moot. Because plaintiff no longer faces prison restrictions on his liberty or personal property, the court also denies plaintiff's request for copies of all motions filed in this matter after March 5, 2010.

*Plaintiff's Motion for Reconsideration*

On September 29, 2010, the court extended the date for plaintiff to file a response to PHS's motion to dismiss, and denied without prejudice plaintiff's motions to preserve evidence, for discovery, and for a court ordered *Martinez* report. The court also denied plaintiff's motion to disqualify Thomas Ridgway as counsel for defendants Denning, Cortright, Pierycci, and Polson. Plaintiff seeks reconsideration of that order.

Plaintiff first maintains he has already responded to PHS's motion to dismiss in various pleadings previously filed, and identifies additional pleadings as responsive to the PHS motion. Having reviewed the record, the court treats the document plaintiff filed on June 2, 2010, as plaintiff's response to PHS's motion to

dismiss.³

Plaintiff next seeks reconsideration of his request for a court ordered *Martinez* report, and argues the court is not "using all available information to determine the true culpability of PHS," and is not "diligently pursu[ing] the truth and facts" prior to ruling on PHS's motion to dismiss. (Doc. 67, p.4). Plaintiff correctly notes that the court ordered a *Martinez* report in plaintiff's pending separate action against Kansas Department of Corrections officials.⁴ Whether to order a *Martinez* report in a particular case is a matter within the court's discretion. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir.2010)(noting matters of discovery and scheduling are within the district court's discretion). Although plaintiff cites concern and confusion over his two cases being managed differently, the court continues to find a *Martinez* report is not necessary to address plaintiff's claims in the instant action. *See also Barrett v. Philpot*, 356 Fed.Appx. 193, 199 (10th Cir.2009)(unpublished)(district court is not required to give a reason for denying prisoner's request for court to direct

---

³Plaintiff filed a document on June 2, 2010, titled "Motion for Discovery, Motion for Court Ordered Martinez Report, and Plaintiff's Reply to Answer of Defendants Denning, Cortright, Polson, Pieryeci and PHS, Inc" (Doc. 59). The title and docketing of that document is incomplete. In Section IV of that document, labeled "Arguments, Authorities and Errors," plaintiff points out error both in the answers filed by defendants, and in the motion to dismiss filed by PHS. *See* Doc. 59, pp. 15-27. Accordingly, the court treats this document as including plaintiff's response to PHS's motion to dismiss. Additional pleadings identified by plaintiff as further responsive to the PHS motion generally reiterate the same information plaintiff presents in the response provided in Doc. 59.

⁴*See Green v.* Werholtz, Case No. 09-3055-SAC.

sheriff to file *Martinez* report).[5]

And finally, while plaintiff reasserts his intent to pursue disqualification of Ridgway, no sound basis is provided for the court to reconsider its decision to deny plaintiff's motion for disqualification of this attorney.

*Plaintiffs' Motion to Proceed to Trial, Motion for Video Evidence and Discovery, and Motion to Appoint Counsel*

Plaintiff's requests to proceed to trial, to preserve video evidence and allow discovery, and for appointment of counsel are denied without prejudice pending the court's decision on defendants' motion for summary judgment which will be addressed in a separate order. The court notes defendants' pending motion to strike plaintiff's surreply. Plaintiff is entitled to respond, and the court sets a response date herein.

*Motion to Dismiss by Defendant PHS*

**Plaintiff's Allegations**

Plaintiff seeks damages from PHS for failing to conduct a proper intake medical evaluation on May 3, 2005, and failing to provide plaintiff with medications he was taking prior to his JCADC confinement including Xanax and antidepressant medications, and Androgel to address plaintiff's arthritis, tendonitis, lower back pain, and bad knees. Plaintiff contends PHS wrongfully and intentionally did so in violation of PHS policy to continue

---

[5]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

prescribed or comparable medications for JCADC intake prisoners, and further contends the reason PHS gave plaintiff for not providing Androgel was false and not supported by PHS records.[6]

Plaintiff argues PHS thereby caused plaintiff to experience anxiety attacks within days after entering JCADC custody, which then resulted in plaintiff's transfer to a special management cell (5C) for observation. There his condition continued to deteriorate, culminating in the use of force by JCADC officer Polson on May 10, 2005, with alleged injury to plaintiff.

On these allegations plaintiff seeks monetary relief based upon the deliberate indifference of PHS staff to plaintiff's medical needs by interfering with prescribed treatment and medications which caused plaintiff undue pain, suffering, and physical injury.

**PHS Motion to Dismiss**

PHS seeks to be dismissed as a defendant from the amended complaint because plaintiff's allegations against PHS state no claim upon which relief can be granted under § 1983. Fed.R.Civ.P. 12(b)(6). PHS maintains that it cannot be held liable under § 1983 under a theory of *respondeat superior* for actions taken by its

---

[6]Plaintiff also claims PHS was responsible for the denial of plaintiff's year and a half requests for dental floss, and for the removal of dental floss shortly after it was finally approved. However, plaintiff's allegations regarding PHS involvement in the denial of these requests is conclusory at best. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994)(conclusory allegations are insufficient to support a claim for relief); *Petrick v. Maynard*, 11 F.3d 991, 995 (10th Cir.1993)(more than make conclusory allegations are required to state claim of constitutional deprivation). The court also notes plaintiff's separate and more specific claim against Johnson County defendants about being denied dental floss, a claim addressed in the pending motion for summary judgment filed by the remaining Johnson County defendants.

5

employees, that plaintiff's allegations are insufficient to establish deliberate indifference to any serious medical need of plaintiff, and that plaintiff's allegations of negligence and medical malpractice are not actionable under § 1983.

**Plaintiff's Response**

Relevant to PHS's motion to dismiss, plaintiff elaborates and reasserts the following.

The JCADC intake medical evaluation by an unidentified PHS employee disclosed that plaintiff was under the care of Dr. Feder and Dr. Brown prior to his confinement, with prescribed medications including Proscar, Androgel, and Xanax for various medical conditions including anxiety disorder, depression, arthritis, insomnia, and enlarged prostate. Plaintiff states an unidentified PHS staff member failed to comply with company policy to provide plaintiff with these prescribed medications or something comparable, which led to plaintiff suffering anxiety seizures which eventually resulted in Officer Polson's physical attack on plaintiff.

Plaintiff acknowledges anxiety and depression medications were provided once he began experiencing anxiety attacks, but not in time to prevent anxiety attacks which resulted in his transfer to 5C and the use of force by Officer Polson. Plaintiff also acknowledges being treated with Proscar, and admits pain killers, muscle relaxers and anti-inflammatory drugs were prescribed as alternative medications for Androgel. Plaintiff states that Dr. Gamble at JCADC prescribed Androgel after these alternative medications failed. To refute PHS's claim that Androgel was not thereafter authorized because PHS had not received medical records to verify plaintiff's

6

preconfinement prescribed use of this medication, plaintiff documents that PHS was provided with written verification of his prescribed medications.

Plaintiff maintains this constitutes "deliberate indifference" by PHS to his serious medical needs, which caused him undue pain and suffering, mental anguish, and overall physical torment for over two years. Plaintiff again argues the improper intake evaluation, the violation of PHS policy to provide prescribed medications, and the denial of psychiatric medications for days caused his first anxiety attack. Plaintiff contends PHS is thus responsible for his transfer to 5C for observation where he claims he was unattended and without his prescribed medications until injured during Officer Polson's use of force.

**Legal Standard - Motion to Dismiss**

The legal sufficiency of a complaint is a question of law. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir.2010). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's "allegations must move from conceivable to plausible." *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir.2010); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1951-52 (2009). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these

claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007) (emphasis deleted). The court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 130 S.Ct. 1142 (2010). The allegations must be enough that, if assumed to be true, the plaintiff plausibly and not just speculatively has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008). The court must liberally construe plaintiff's pro se pleadings, but plaintiff is still required to comply with court rules like all other litigants. *Davis v. Kansas Dept. of Corrections*, 507 F.3d 1246, 1247 n. 1 (10th Cir.2007). The court is not to assume the role of being an advocate for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

**Discussion**

Section 1983 itself creates no substantive rights, but instead merely provides a remedy for deprivations of federal rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). To sustain a cause of action based on § 1983, a plaintiff must establish that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States, and that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Deliberate indifference to a prisoner's serious medical needs by a person acting under color of state law violates the Eighth Amendment and presents a claim under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

8

Section 1983 does not impose liability for violations of duties of care arising out of state tort law. *DeShaney v. Winnebago County DSS*, 489 U.S. 189, 201-03 (1989).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). *See also Los Angeles County, Cal. v. Humphries,* 131 S.Ct. 447, 451 (2010)(*Monell* applies irrespective of whether remedy sought in § 1983 is monetary damages or prospective relief). This holding in *Monell* extends to private defendants sued under § 1983. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003).

Accordingly, a private company such as PHS, who does not dispute it was acting under color of state law for purposes of § 1983 by providing medical services to JCADC, "cannot be held liable solely because it employs a tortfeasor - or, in other words ... cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691.

In the present case, plaintiff has not alleged any facts that would suggest an unconstitutional policy or custom of PHS caused any violation of his constitutional right to not be subjected to cruel and unusual punishment while in Johnson County custody. Plaintiff's allegation that PHS violated its policy to provide the same or comparable prescribed medications to intake JCADC prisoners is misguided. Notwithstanding plaintiff's argument that PHS was

directly or indirectly responsible for plaintiff's anxiety attacks and the alleged resulting harm, no PHS policy to deny plaintiff necessary medical care is alleged or identified. Instead, plaintiff alleges a PHS employee violated a PHS policy regarding prescribed medication, and another PHS employee conducted an inadequate entry evaluation. These allegations constitute an attempt to hold the corporate entity liable for the misconduct of its employees pursuant to the doctrine of *respondeat superior,* which is factually and legally insufficient to establish liability under § 1983.

**Conclusion**

Liberally construing plaintiff's allegations and viewing them as true as the court must do at this stage, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court finds plaintiff has failed to provide any factual or legal basis for stating an actionable claim against PHS, and concludes the motion to dismiss filed by PHS should be granted.

IT IS THEREFORE ORDERED that plaintiff's motions to suspend this action (Docs. 67 and 71) are denied as moot, and that plaintiff's motion for copies (Doc. 67) and motion for a Martinez report (Doc. 82) are denied.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Docs. 71, 77, and 82), motion to proceed to trial (Doc. 77), and motion for video evidence and discovery (Docs. 77 and 82) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Doc. 67) is granted to the extent the document filed by plaintiff on June 2, 2010 (Doc. 59) is considered by the

court as containing plaintiff's response to the PHS motion to dismiss, and is denied in all other respects.

IT IS FURTHER ORDERED that the motion to dismiss filed by Prison Health Services (Doc. 55) is granted.

IT IS FURTHER ORDERED that plaintiff is granted to and including April 11, 2011, to respond to defendants' motion (Doc. 83) to strike plaintiff's surreply.

**IT IS SO ORDERED.**

DATED:  This 30th day of March 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge